1  David B. Rosenbaum, Atty. No. 009819
   Dawn L. Dauphine, Atty. No. 010833
2  OSBORN MALEDON, P.A.
   2929 North Central Avenue, Suite 2100
3  Phoenix, AZ  85012-2794
   Telephone:  (602) 640-9000
4  drosenbaum@omlaw.com
   ddauphine@omlaw.com
5

6  Michael L. Banks, *Pro Hac Vice*         Amy Covert, *Pro Hac Vice*
   Azeez Hayne, *Pro Hac Vice*              PROSKAUER ROSE LLP
   MORGAN, LEWIS & BOCKIUS LLP              One Newark Center, 18th Floor
7  1701 Market Street                       Newark, NJ  07102
   Philadelphia, PA  19103                  Telephone:  (973) 274-3258
8  Telephone:  (215) 963-5000               acovert@proskauer.com
   mbanks@morganlewis.com
9  ahayne@morganlewis.com

10 Howard Shapiro, *Pro Hac Vice*           Christopher Landau, P.C., *Pro Hac Vice*
   PROSKAUER ROSE LLP                       Craig S. Primis, P.C., *Pro Hac Vice*
11 909 Poydras Street, Suite 1100           Eleanor R. Barrett, *Pro Hac Vice*
   New Orleans, LA  70112-4017              KIRKLAND & ELLIS LLP
12 Telephone: (504) 310-4088                655 Fifteenth Street, N.W.
   howshapiro@proskauer.com                 Washington, D.C.  20005-5793
13                                          Telephone: (202) 879-5000
                                            clandau@kirkland.com
14                                          cprimis@kirkland.com
15                                          ebarrett@kirkland.com

16 Attorneys for Defendants

17                    IN THE UNITED STATES DISTRICT COURT

18                          FOR THE DISTRICT OF ARIZONA

19 Barbara Allen, Richard Dippold,          No.  CV04-0424 PHX ROS
   Melvin Jones, Donald McCarty,
20 Richard Scates and Walter G. West,
   individually and on behalf of all others
21 similarly situated,                       **DEFENDANTS' RESPONSE TO
                                             PLAINTIFFS' SEPARATE
22                Plaintiffs,                STATEMENT OF FACTS
                                             IN SUPPORT OF
23          vs.                              PLAINTIFFS'
                                             MOTION FOR SUMMARY
24 Honeywell Retirement Earnings Plan,       JUDGMENT ON STATUTE OF
   Honeywell Secured Benefit Plan,           LIMITATIONS**
25 Plan Administrator of Honeywell
   Retirement Earnings Plan, and Plan
26 Administrator of Honeywell Secured
   Benefit Plan,
27
                  Defendants.
28

                                        1

Pursuant to Local Rule 56.1(b), defendants set forth the following Response to Plaintiffs' Separate Statement of Facts in Support of Plaintiffs' Motion for Summary Judgment on Statute of Limitations:

1. Disputed in part. Beginning in June 2001, Susan Martin, Esq., on behalf Richard Scates, a named plaintiff in this action, and two other participants who are not named plaintiffs in this action, requested information from the defendant plan administrator of the Honeywell Retirement Earnings Plan, including the Signal Company's Retirement Plan plan document as in effect in 1983 and thereafter and all amendments thereto. Decl. of Marie Gangone ¶ 3 & Exs. 1-5 (Docket #33). Plaintiffs' assertion that plaintiffs first requested information from Defendants in June 2001 is not supported by the documents they cite.

2. Disputed in part. The evidence that plaintiffs cite in support of their allegation is inadmissible for the purpose of establishing the facts that plaintiffs allege. On August 15, 2001, defendants sent Ms. Martin (in her capacity as attorney for Richard Scates, a named plaintiff in this action, and two other participants who are not named plaintiffs in this action) copies of various documents, including "The Signal Company Inc. Retirement Plan" dated May 1, 1985 and January 1, 1986. Gangone Decl., Ex. 11.

3. Disputed in part. On October 1, 2003, in response to Ms. Martin's requests on behalf of Mr. Scates and two other participants who are not named plaintiffs in this action, Honeywell provided Ms. Martin with a copy of The Signal Companies, Inc. Retirement Plan effective January 1, 1984 and offered Ms. Martin the opportunity to supplement her administrative appeal on behalf of several hundred "Retirees." Gangone Decl. ¶ 6 & Ex. 17.

4. Disputed. Plaintiffs' allegation conflicts with the cited declaration.

5. Undisputed.

6. Disputed in part. Plaintiffs' allegation is vague and ambiguous as to the "Plan" and the "Sections of the Garrett Plan" and misquotes the Retirement Plan For Employees Of The Garrett Corporation And Its Participating Subsidiary Companies (the

1  "Garrett Retirement Plan").  The Normal Retirement Benefit in the Garrett Retirement
2  Plan is computed using a participant's Potential Retirement Income from the Severance
3  Plan and the participant's Actual Retirement Income from the Severance Plan.  Decl. of
4  Amy Promislo, Ex. A, at HW 32-33 (Docket #16).  The Garrett Retirement Plan states
5  that "[a] Participant's Potential Retirement Income from the Severance Plan shall be
6  calculated pursuant to the tables set forth in Exhibit B (and any necessary interpolations
7  or extrapolations from those tables)" and that "[a] Participant's Actual Retirement
8  Income from the Severance Plan shall be based on the tables set forth in Exhibit B (and
9  any necessary interpolations and extrapolations from these tables)."  *Id.* at HW 38-41.

10       7.  Disputed in part.  Ms. Martin, in her capacity as attorney for Richard
11  Scates, a named plaintiff in this action and two other participants who are not named
12  plaintiffs in this action, requested defendants to provide her with a copy of "Exhibit B"
13  to the Garrett Retirement Plan on September 5, 2001, and again in letters dated
14  December 17, 2001 and December 20, 2001.  Gangone Decl., Exs. 5, 7, 8.

15       8.  Undisputed.

16       9.  Disputed.  The documents plaintiffs cite do not support their allegation.

17       10.  Disputed in part. Plaintiffs' allegation is vague and ambiguous as to what
18  "claims" they contend were "first asserted under the Plan's claims procedure on July 26,
19  2002."  On July 26, 2002, Ms. Martin submitted a benefit claim setting forth the same
20  claims that plaintiffs are pursuing in this litigation as "counsel to several hundred former
21  Garrett Corporation salaried employees or their surviving spouses ('Retirees') who were
22  participants in the Retirement Plan for Employees of the Garrett Corporation and its
23  Participating Subsidiaries … and the Severance Plan for Employees of the Garrett
24  Corporation and its Participating Subsidiaries."  Promislo Decl., Ex. I; Gangone Decl.
25  ¶ 5.

26       11.  Disputed in part. Plaintiffs' allegation is not supported by the July 1, 2003
27  letter they cite.  Brian Marcotte, the Plan Administrator for the Honeywell Retirement
28  Earnings Plan, finally denied the Retirees' claims on October 29, 2003.  Promislo Decl.,

3

Ex. O.

12. Undisputed.

13. Disputed in part. The evidence that plaintiffs cite supports their allegation only as to named plaintiffs Richard Scates and Melvin Jones.

14. Undisputed.

15. Disputed. Plaintiffs' allegation is not supported by the declaration they cite. That declaration states that "over 1000 employees were scheduled to attend" four town hall meetings for Phoenix-based employees held in September 1995. Decl. of Craig Chapman ¶ 11 (Docket #188).

16. Undisputed.

17. Undisputed.

18. Disputed. Plaintiffs' allegation is vague and ambiguous in that plaintiffs do not explain what they mean by "the phantom growth of the SBA offset to age 65 if a participant leaves employment prior to that age."

19. Undisputed.

20. Disputed in part. Plaintiffs' allegation conflicts with the cited declaration. Tables of estimated Social Security benefits for the period 1983 through 1986 were provided to Ms. Martin on June 16, 2006. Decl. of Jennifer Kroll, Ex. A (Docket #345).

Respectfully submitted this 11th day of January, 2008.

OSBORN MALEDON

By: /s/David B. Rosenbaum.

David B. Rosenbaum
Dawn L. Dauphine
Osborn Maledon, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, AZ  85012-2794

Michael L. Banks
Azeez Hayne
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103

4

Howard Shapiro
PROSKAUER ROSE LLP
909 Poydras Street, Suite 1100
New Orleans, LA 70112-4017

Amy Covert
PROSKAUER ROSE LLP
One Newark Center, 18th Floor
Newark, NJ 07102-5211

Christopher Landau, P.C.
Craig S. Primis, P.C.
Eleanor R. Barrett
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I do certify that on January 11, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/Kelly Dourlein