David B. Rosenbaum, Atty. No. 009819
Dawn L. Dauphine, Atty. No. 010833
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, AZ 85012-2794
Telephone: (602) 640-9000
drosenbaum@omlaw.com
ddauphine@omlaw.com

Michael L. Banks, *Pro Hac Vice*
Azeez Hayne, *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
mbanks@morganlewis.com
ahayne@morganlewis.com

Howard Shapiro, *Pro Hac Vice*
PROSKAUER ROSE LLP
909 Poydras Street, Suite 1100
New Orleans, LA 70112-4017
Telephone: (504) 310-4088
howshapiro@proskauer.com

Amy Covert, *Pro Hac Vice*
PROSKAUER ROSE LLP
One Newark Center, 18th Floor
Newark, NJ 07102
Telephone: (973) 274-3258
acovert@proskauer.com

Christopher Landau, P.C., *Pro Hac Vice*
Craig S. Primis, P.C., *Pro Hac Vice*
Eleanor R. Barrett, *Pro Hac Vice*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
clandau@kirkland.com
cprimis@kirkland.com
ebarrett@kirkland.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Allen, Richard Dippold, Melvin Jones, Donald McCarty, Richard Scates and Walter G. West, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Honeywell Retirement Earnings Plan, Honeywell Secured Benefit Plan, Plan Administrator of Honeywell Retirement Earnings Plan, and Plan Administrator of Honeywell Secured Benefit Plan,<br><br>Defendants. | No. CV04-0424 PHX ROS<br><br>**DEFENDANTS' REPLY STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS** |

Plaintiffs' Response to Defendants' Separate Statement of Facts in Support of Defendants' Motion For Summary Judgment on Statute of Limitations (Docket #372) ("Response") mischaracterizes the facts presented in defendants' Separate Statement of Facts (Docket #341) ("Statement") and incorporates improper and incorrect legal arguments. Defendants offer the following reply.

Preliminarily, plaintiffs' relevance objections (included in their response to twelve of sixteen paragraphs) present a legal question. They do not controvert the facts set forth in defendants' Statement. And they certainly do not preclude the Court from entering judgment in defendants' favor—the only basis for those objections is plaintiffs' unsupported legal conclusion that "none of the documents in evidence could have triggered the statute of limitations." *See, e.g.*, Response ¶ 1. Thus, a ruling in defendants' favor on the legal question of when plaintiffs' claims accrued will moot those objections. The Court should accordingly disregard them in determining whether facts are disputed and ruling on the merits of defendants' motion. *See* L.R. Civ. 56.1(b).

Plaintiffs have also objected and moved to strike several paragraphs of defendants' Statement based on conclusory assertions that defendants have not established "the frequency and regularity" of behavior regarding the distribution of plan documents that is needed to satisfy Federal Rule of Evidence 406 and *United States v. Angwin*, 271 F.3d 786, 799 (9th Cir. 2001), *overruled on other grounds in United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (*en banc*). *See* Response ¶¶ 2, 3, 7, 10. Those assertions cannot withstand scrutiny.

Rule 406 provides that "[e]vidence of the … routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person on a particular occasion was in conformity with the habit or routine practice." It does not preclude the evidence of customary distribution practices that defendants offer here because that evidence is not offered to prove that the plan documents were *sent*. Defendants do not need to rely on "routine practice" evidence under Rule 406 to create an inference that the plan documents were distributed

1

because they present *direct* evidence of these facts. *See* Decl. of James McLeod ¶ 6 (Docket #341, Ex. 1) ("This letter and the enclosed [1984] brochures were distributed to Garrett Corporation employees pursuant to Garrett Corporation's usual practice."); *id.* ¶ 7 ("The May 1984 Summary Plan Description was distributed to employees in keeping with this practice."); Decl. of Craig Chapman ¶ 8 (Docket #341, Ex. 2) ("The April 1996 SPD was distributed to employees of Former Garrett and Non-Union Textron Locations according to this customary practice.").

Instead, defendants' customary distribution practice evidence is offered for the different purpose of establishing that plaintiffs *received* the relevant plan documents. Courts have repeatedly found that such evidence forecloses ERISA plaintiffs' arguments that they never received plan documents. *See, e.g.*, *Hunter v. Lockheed Martin Corp.*, No. C-99-20996 RMW, 2002 WL 1492137, at *2-3 (N.D. Cal. June 7, 2002) (testimony of defendant's employees regarding defendant's "policies and practices with respect to … the distribution of summary plan descriptions" established "that it is more likely true than not true that [plaintiff] received" the SPDs); *Campbell v. Emery Air Freight Corp.*, Civ. A No. 93-6568, 1995 WL 286722, at *1 (E.D. Pa. May 9, 1995) (granting summary judgment to defendant where declaration from plan administrator established that "the summary plan description and updates were sent by first-class mail to the Plaintiffs' last-known address" according to defendants' "regular business practice and … records" and plaintiffs failed to contradict that assertion). This is particularly so where, as here, the underlying events occurred long ago. *Cf. Brenner v. Johns Hopkins Univ.*, 88 F. App'x 555, 560 (4th Cir. 2004) (affirming district court's ruling that defendant "carried its burden" on the issue of distribution of retirement plan SPDs and other materials in light of the "absence of contrary evidence" from the plaintiff and because plaintiff's "claim of error relie[d] on the unsurprising fact that [defendant's] employees have inconsistent or failed recollections of long-ago events") (quotation and citation omitted).

1  Finally, even if defendants had offered the evidence of their customary
2  distribution practices to establish that the plan documents were sent (which they have
3  not), plaintiffs' objections and motions to strike would still fail. *Angwin* lists "the degree
4  to which the conduct is reflexive or semi-automatic as opposed to volitional," "the
5  specificity or particularity of the conduct," and "the regularity or numerosity of the
6  examples of the conduct" as factors that the Court may consider in determining whether
7  certain conduct satisfies this rule, but also notes that the touchstone of the Rule 406
8  inquiry is the "overall reliability of the evidence"; thus, district courts should use the
9  three *Angwin* factors "as guides." 271 F.3d at 799 & n.3.

10  Defendants' evidence regarding the distribution of the 1984 brochure, the 1984
11  SPD, and the 1996 SPD more than satisfies this standard. The declaration of James
12  McLeod, who worked in Garrett Corporation's Human Resources departments for over
13  five years, sets forth in detail Garrett's customary mailing practices with respect to
14  retirement plan communications over a four-year period. *See* McLeod Decl. ¶¶ 4-5.
15  Importantly, although Rule 406 specifically provides that such evidence is admissible
16  "whether corroborated or not," the evidence regarding the Garrett Corporation's routine
17  mailing practice is bolstered by McLeod's statement that, in fact, he received his copy of
18  the 1984 brochure "at [his] home at the time it was mailed." *Id.* ¶ 6. The declaration of
19  Craig Chapman similarly describes the routine mailing practice of Honeywell's
20  predecessor company in and around 1996, and establishes that the 1996 SPD was
21  distributed according to that practice. *See* Decl. of Craig Chapman ¶¶ 7-8 (Docket #341,
22  Ex. 2). Thus, like their relevance objections, plaintiffs' objections to this evidence are
23  not well founded, and this Court should disregard them and deny plaintiffs' motions to
24  strike.
25  ///
26  ///
27  ///
28

3

As for the specific facts set forth in defendants' Statement, defendants reply as follows:

1. Plaintiffs do not deny paragraph 1 of defendants' Statement. Their only response, aside from raising the meritless relevance objection discussed above, is to assert that they need more time to conduct discovery to admit or deny paragraph 1. But, as detailed in Defendants' Opposition to Plaintiffs' Motion to Conduct Additional Discovery ("Rule 56(f) Opp."), filed herewith, they are not entitled to the additional discovery they seek. Paragraph 1 of defendants' Statement should be deemed admitted.

2. Plaintiffs do not deny paragraph 2 of defendants' Statement. Their only response, aside from raising the meritless general objections discussed above, is to assert that they need more time to conduct discovery to admit or deny paragraph 2. But, as detailed in Defendants' Rule 56(f) Opp., filed herewith, they are not entitled to the additional discovery they seek. Paragraph 2 of defendants' Statement should be deemed admitted.

3. Plaintiffs do not deny paragraph 3 of defendants' Statement. Their only response, aside from raising the meritless general objections discussed above, is to assert that they need more time to conduct discovery to admit or deny paragraph 3. But, as detailed in Defendants' Rule 56(f) Opp., filed herewith, they are not entitled to the additional discovery they seek. Paragraph 3 of defendants' Statement should be deemed admitted.

4. Aside from plaintiffs' meritless relevance objection, discussed above, paragraph 4 of defendants' Statement is undisputed.

5. Aside from plaintiffs' meritless relevance objection, discussed above, paragraph 5 of defendants' Statement is undisputed.

6. Plaintiffs do not deny paragraph 6 of defendants' Statement. In addition to raising the meritless relevance objection discussed above, they assert that they need more time to conduct discovery to admit or deny paragraph 6. But, as detailed in Defendants' Rule 56(f) Opp., filed herewith, they are not entitled to the additional

discovery they seek. Plaintiffs also object and move to strike paragraph 6 "as offering legal conclusions and argumentative" and on the ground that "[t]he brochures speak for themselves." But paragraph 6 of defendants' Statement merely restates, in nearly identical language, facts that plaintiffs have already admitted. *Compare* Pls.' Separate Statement of Facts in Supp. of Pls' Cross Mot. for S.J. ¶ 20 *with* Statement ¶ 6. Thus, plaintiffs are foreclosed from arguing these points, and the Court should rule that paragraph 6 of defendants' Statement is undisputed.

7. Plaintiffs do not deny paragraph 7 of defendants' Statement. Their only response, aside from raising the meritless general objections discussed above, is to assert that they need more time to conduct discovery to admit or deny paragraph 7. But, as detailed in Defendants' Rule 56(f) Opp., filed herewith, they are not entitled to the additional discovery they seek. Paragraph 7 of defendants' Statement should be deemed admitted.

8. Plaintiffs do not deny paragraph 8 of defendants' Statement. In addition to raising the meritless relevance objection discussed above, they assert that they need more time to conduct discovery to admit or deny paragraph 8. But, as detailed in Defendants' Rule 56(f) Opp., filed herewith, they are not entitled to the additional discovery they seek. Moreover, although plaintiffs state that the "1996 SPD speaks for itself," paragraph 8 discusses Honeywell and its predecessor companies' *purpose* in designing the 1996 SPD, not the text of the document itself. Plaintiffs do not deny, or point to any contrary evidence on, this point. Thus, paragraph 8 of defendants' Statement should be deemed admitted.

9. Aside from plaintiffs' meritless relevance objection, discussed above, paragraph 9 of defendants' Statement is undisputed.

10. Plaintiffs do not deny paragraph 10 of defendants' Statement. Their only response, aside from raising the meritless general objections discussed above, is to assert that they need more time to conduct discovery to admit or deny paragraph 10. But, as detailed in Defendants' Rule 56(f) Opp., filed herewith, they are not entitled to the

5

1  additional discovery they seek. Paragraph 10 of defendants' Statement should be
2  deemed admitted.

3      11.    Aside from plaintiffs' meritless relevance objection, discussed above,
4  paragraph 11 of defendants' Statement is undisputed.

5      12.    Paragraph 12 of defendants' Statement is undisputed.

6      13.    Paragraph 13 of defendants' Statement is undisputed. Paragraph 13 of
7  plaintiffs' Response misquotes the parties' tolling agreement. Defendants do not dispute
8  that the tolling agreement states, "[n]or shall this agreement be construed as an
9  admission by Former Garrett Employees that any action or claims are barred by the
10 statute of limitations or would be barred by the statute of limitations in the absence of
11 this agreement." Decl. of Susan Martin, Ex. A, at 1-2 (Docket #167).

12     14.    Paragraph 14 of defendants' Statement is undisputed.

13     15.    Paragraph 15 of defendants' Statement is undisputed.

14     16.    Plaintiffs do not deny paragraph 16 of defendants' Statement. In addition
15 to raising their meritless relevance objection, discussed above, plaintiffs object to
16 paragraph 16 of defendants' Statement as a "legal conclusion." But paragraph 16 of
17 plaintiffs' Response does not controvert the fact that the Honeywell Earnings Plan,
18 amended and restated as of January 1, 2000, was the operative plan document on March
19 1, 2004. To the extent that plaintiffs' Response attempts to assert that the Honeywell
20 Retirement Earnings Plan does not apply to plaintiffs, that assertion is foreclosed by their
21 complaint, which states that plaintiffs "became participants in …. the Honeywell
22 Retirement Earnings Plan." *See* Am. Compl. ¶ 3 (Docket #47). Otherwise, defendants
23 do not dispute that plaintiffs have quoted the Plan language accurately, and note that the
24 Plan also states that "all provisions of this Plan relating to administration and fiduciary
25 responsibility shall apply to the Supplements" that describe the merged plans.
26 Honeywell Ret. Earnings Plan, at HW540 (Docket #16, Ex. P). In any event, the
27 discussion in paragraph 16 of plaintiffs' Response seems to raise a different, legal
28 question as to the meaning of a portion of the preamble to the plan that is not relevant to

6

the facts asserted in paragraph 16 of defendants' Statement. Paragraph 16 of defendants' Statement should accordingly be deemed admitted.

Respectfully submitted this 25th day of January, 2008.

OSBORN MALEDON

By: /s/David B. Rosenbaum.

David B. Rosenbaum
Dawn L. Dauphine
Osborn Maledon, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, AZ  85012-2794

Michael L. Banks
Azeez Hayne
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103

Howard Shapiro
PROSKAUER ROSE LLP
909 Poydras Street, Suite 1100
New Orleans, LA  70112-4017

Amy Covert
PROSKAUER ROSE LLP
One Newark Center, 18th Floor
Newark, NJ  07102-5211

Christopher Landau, P.C.
Craig S. Primis, P.C.
Eleanor R. Barrett
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I do certify that on January 25, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                                      s/Kelly Dourlein

1906153_1