WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Allen, et al., )<br>   )<br>         Plaintiffs, )<br>   )<br>vs. )<br>   )<br>   )<br>Honeywell Retirement Earnings Plan, et )<br>al., )<br>   )<br>         Defendants. )<br>   )<br>_____ ) | No. Cv-04-424-PHX-ROS<br><br>**ORDER** |

Pending before the Court is the parties' Notice and Joint Statement of Discovery Dispute (Doc. 482). For the reasons stated below, the Court agrees that communications in dispute are not privileged.

Plaintiffs assert privilege over communications made in September, 1999 by some class member retirees to solicit a lawyer, Blair Brininger, to bring claims again Defendants. That lawyer did not take the case; subsequently, the retirees distributed those communications to public and private agencies, including the Department of Labor, the American Association of Retired Persons, the Internal Revenue Service, and the Pension Benefit Guaranty Corporation ("PBGC"). They had also previously produced the communications in this litigation, as did the DOL in response to Defendants' FOIA request. Defendants argue that this waived any privilege; Plaintiffs, for their part, argue that the

1 groups consulted by class members all share "a common interest with participants in ensuring
2 compliance with the Internal Revenue Code and ERISA."

3 The work product doctrine is not waived where there is a "common adversary
4 interest." S. Union Co. v. Southwest Gas Corp., 205 F.R.D. 542, 549 (D. Ariz. 2002). "The
5 common-interest privilege 'protects communications between a lawyer and two or more
6 clients regarding a matter of common interest.'" United States ex rel. Purcell v. MWI Corp.,
7 209 F.R.D. 21 (2001 D.D.C.). This privilege, it is worth noting, has been developed in
8 contrast to a "common defense" privilege, with courts holding that "plaintiffs must enjoy the
9 same privilege" given to cooperating defendants else they be "situated better than their
10 plaintiff counterparts." Id. at 24. Plaintiffs point to cases dealing with situations in which
11 a government agency shares some version of the "common adversary interest" with a party.
12 For instance, the government can "stand in the shoes of beneficiaries when it is investigating
13 and prosecuting malfeasance in the administration of an ERISA fund." In re Grand Jury
14 Proceedings, 162 F.3d 554, 557 (9th Cir. 1998). However, precedent is not so broad as to
15 encompass situations in which parties share information with a variety of agencies and
16 interest groups some of which, like the PBGC, did not actually have the authority to
17 investigate or sue for misuse of pension funds[1] and none of which are actively engaged in
18 prosecuting, or even investigating, a case. Thus, Defendant's interpretation is correct.

19 Accordingly,

20 **IT IS ORDERED** Plaintiffs shall not assert privilege over the communications at
21 issue.

---

[1] The PBGC wrote in a letter to Plaintiffs that it was "not the statutory trustee for any of these pension plans," and "[i]n cases involving pension plans for which PBGC is not the statutory trustee or ongoing pension plans, PBGC does not have the legal authority to sue the appropriate parties for misuse of pension funds." Ex. C at 12.

**IT IS FURTHER ORDERED** the depositions of Jack Gilmore and Paul Bielert will be reopened for one hour to allow questioning directed at the statute of limitations communications.

DATED this 18th day of September, 2008.

_____
Roslyn O. Silver
United States District Judge