OSBORN
MALEDON
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone  602.640.9000
Facsimile  602.640.9050

David B. Rosenbaum, Atty. No. 009819
Dawn L. Dauphine, Atty. No. 010833
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, AZ 85012-2794
Telephone: (602) 640-9000
drosenbaum@omlaw.com
ddauphine@omlaw.com

Michael L. Banks, *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
mbanks@morganlewis.com

Howard Shapiro, *Pro Hac Vice*
Robert W. Rachal, *Pro Hac Vice*
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Telephone: (504) 310-4088
howshapiro@proskauer.com
rrachal@proskauer.com

Amy Covert, *Pro Hac Vice*
PROSKAUER ROSE LLP
One Newark Center, 18th Floor
Newark, NJ 07102
Telephone: (973) 274-3258
acovert@proskauer.com

Christopher Landau, P.C., *Pro Hac Vice*
Craig S. Primis, P.C., *Pro Hac Vice*
Michael F. Williams, *Pro Hac Vice*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005-5793
Telephone: (202) 879-5000
clandau@kirkland.com
cprimis@kirkland.com
mwilliams@kirkland.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Allen, Richard Dippold, Melvin Jones, Donald McCarty, Richard Scates and Walter G. West, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Honeywell Retirement Earnings Plan, Honeywell Secured Benefit Plan, Plan Administrator of Honeywell Retirement Earnings Plan, and Plan Administrator of Honeywell Secured Benefit Plan,<br><br>Defendants. | No. CV04-0424 PHX ROS<br><br>**REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON MINIMUM BENEFITS CLAIM OR IN THE ALTERNATIVE TO RECONSIDER** |

Defendants' motion for partial summary judgment rests upon a straightforward proposition. If, as the Court previously held, the reference to Section 4.2(b) in Section 4.2(e)(i)(b) of the Signal Retirement Plan does not incorporate Section 4.2(c), then Plaintiffs have sustained no damages on the Minimum Benefits Claim. That is so because Section 4.2(e)(i)(b) would not, under that reading, provide for the calculation of the Normal Retirement Benefit under the minimum benefit formula of Section 4.2(c) for Garrett Plan participants who retained their Secured Benefit Accounts. Having seen the consequences of the position they persuaded the Court to adopt, Plaintiffs now want the Court to read the same provision in exactly the opposite way to secure a remedy. But that does not work. Section 4.2(b) either incorporates the minimum benefit formula of Section 4.2(c) — in which case reconsideration is appropriate and an SBA offset to the minimum benefit formula is required — or it does not incorporate the minimum benefit formula of Section 4.2(c) at all, in which case Plaintiffs were not entitled to the minimum benefit formula under their own reading of the Plan. In either case, Defendants are entitled to judgment as a matter of law.

Realizing the problem they now have, Plaintiffs attempt to avoid summary judgment by urging the Court ***not*** to decide the issue on the merits. To that end, the first two-thirds of their brief are dedicated, in one form or another, to the argument that Defendants waived the right to seek summary judgment on remedy. That is surprising, given the Court's explicit reminder at class certification that it "has not decided the appropriate remedies or damages for the violations found on summary judgment." *Allen v. Honeywell Ret. Earnings Plan*, No. CV 04-0424-PHX-ROS, slip op. at 2 n.1 (D. Ariz. Sept. 6, 2006) (Doc. 226; Order Granting Pls.' Mot. to Certify Class). The Court thus expressly left for a later stage of the case the question raised in Defendants' summary judgment motion. The reason for Plaintiffs' "avoid the merits" strategy becomes clear from the balance of their brief, which struggles in vain to explain how the Plan provisions at issue can be read in any consistent, logical or coherent way to allow Plaintiffs to obtain the recovery that they seek.

1

## I. PLAINTIFFS' OPPOSITION BRIEF CONFIRMS THAT THERE IS NO WAY TO READ THE PLAN TO ALLOW FOR A MINIMUM BENEFIT WITHOUT AN SBA OFFSET.

Plaintiffs previously argued, and the Court previously held, that "Signal Retirement Plan § 4.2(e)(i)(b) provides for a Secured Benefit Account offset, but this provision, by its terms applies only to the 'Normal Retirement Benefit provided [under § 4.2(b)].'" *Allen v. Honeywell Retirement Earnings Plan*, 382 F. Supp. 2d 1139, 1162 (D. Ariz. 2005); (*see also* Pls.' Opp'n to Defs.' Mot. to Dismiss & Pls.' Cross Mot. for Partial Summ. J. at 30 (Doc. 23) ("The more limiting language in the offset provision, § 4.2(e), refers only to the benefit formula contained in § 4.2(b), not all of the benefit formulas provided under § 4.2.")). Applying the canon of construction *expressio unius est exclusio alterius,* the Court further held that "there is no way to construe § 4.2(e)(i) as also applying to the minimum benefit formulas in § 4.2(c)." 382 F. Supp. 2d at 1162.

Notwithstanding their prior arguments, Plaintiffs now realize that it is essential to their theory of recovery that Section 4.2(e)'s reference to Section 4.2(b) not be so limited. Unless this reference to Section 4.2(b) means the entirety of Section 4.2(b), including the clause making it subject to Section 4.2(c), Plaintiffs' Minimum Benefits Claim fails as a matter of law, because the Plan would never have allowed participants who chose not to transfer their SBA balances to the Plan to receive a benefit calculated under the minimum formula to begin with. That is why Plaintiffs have shifted course and repeatedly describe the operative provisions in a way that requires Sections 4.2(b) and 4.2(c) to work together. Thus, notwithstanding Plaintiffs' position when they briefed summary judgment on liability — that the bare reference to Section 4.2(b) in Section 4.2(e)(i)(b) precluded a reference to any other provision of the Plan — Plaintiffs now take the directly contrary position in an effort to save their claim.

Without acknowledging the inconsistency, Plaintiffs now state that:

- "Under the unambiguous terms of the Plan, the Basic Formula (§ 4.2(b)), is *expressly subject to Subsections (c)* and (e)." (Pls.' Opp'n to Defs.' Mot. for Partial Summ. J. on Minimum Benefits Claim at 15 (Doc. 524) ("Pls.' Opp'n") (emphasis added).).

- "[T]he Minimum Benefits formula under § 4.2(c) *always* follows the computation of the benefit in § 4.2(b)." (Pls.' Opp'n at 16 (emphasis added).)

- "[T]he first sentence of § 4.2(b) . . . provides that the Basic Formula *needs* to take into account the Minimum Benefits Formula . . . ." (Pls.' Opp'n at 14 (emphasis added).).

Of course, this has been Defendants' point all along. Section 4.2(b), on its face, cannot be implemented without reference to the minimum benefit formula of Section 4.2(c), which simply sets a floor on the Normal Retirement Benefit calculated under Section 4.2(b). Thus, when the SBA offset provision of Section 4.2(e)(i)(b) says that the benefit for those who retain their SBAs "shall be" "the Normal Retirement Benefit provided under subparagraph (b) of this Section 4.2," that reference to Section 4.2(b) is in turn, as Plaintiffs seem to concede, "expressly subject to Subsection[] (c)." (Pls.' Opp'n at 15.) That is the basis for Defendants' motion to reconsider, and Plaintiffs' current position only confirms the need for reconsideration.

The Court, however, rejected that interpretation of Section 4.2(e)(i)(b). In ruling on Plaintiffs' motion for partial summary judgment, the Court held that the reference to Section 4.2(b) in Section 4.2(e)(i)(b) was subject to only one interpretation: Section 4.2(b) and nothing else. And in urging this result, Plaintiffs took the position (completely contrary to what they argue now) that Sections 4.2(b) and 4.2(c) could somehow be severed from one another, so that a reference to "§ 4.2(b), the 'basic formula,'" unambiguously meant "*not* § 4.2(c), the minimum benefits formula." (Pls.' Reply In Further Supp. of Mot. For Summ. J. at 26 (Doc. 51) (emphasis added).)

3

The thrust of this motion for partial summary judgment is that Defendants prevail as a matter of law under the reading Plaintiffs previously advanced and the Court adopted. This is because Section 4.2(e)(i)(b) sets forth what the Normal Retirement Benefit "shall be" for individuals who do not transfer their SBAs to the Signal Plan. And the Plan is clear that that benefit "shall be . . . the Normal Retirement Benefit provided under subparagraph (b) of this Section 4.2, offset by the value of the account balance not transferred." If, as the Court has already held, the calculation of the Normal Retirement Benefit under Section 4.2(b) — in the context of a benefits determination under Section 4.2(e)(i)(b) — is not, in turn, subject to the minimum benefit calculation of Section 4.2(c), then the minimum benefit of Section 4.2(c) is necessarily unavailable (with or without an offset) to participants who do not transfer their Secured Benefit Accounts to the Plan. Applying the Court's prior ruling, there is no way to read this Section to reach Plaintiffs' desired outcome, and Plaintiffs have offered no logically coherent way to get there, aside from suggesting that the same Plan terms can have precisely opposite meanings, an argument supported by no canon of construction of which Defendants are aware. *See Md. Cas. Co. v. W.R. Grace & Co.,* 128 F.3d 794, 799 (2d Cir. 1997) ("Terms in a document, especially terms of art, normally have the same meaning throughout the document in the absence of a clear indication that different meanings were intended."); *McLane & McLane v. Prudential Ins. Co. of Am.*, 735 F.2d 1194, 1195 (9th Cir. 1984) ("We may presume that words have the same meaning throughout the contract.").

Because the point is so straightforward and the Plan language so clear, Plaintiffs now struggle mightily, albeit unsuccessfully, to offer reasons why Section 4.2(e)'s reference to Section 4.2(b) should be limited when assessing the alleged violation, but not when assessing the remedy. Plaintiffs first contend that the word "adjusted" in the introductory part of Section 4.2(e) permits them to obtain a remedy for their claim. According to Plaintiffs, it makes all the difference that the "focus" of Section 4.2(e)(i) is purportedly "on the various offsets and adjustments to some or all of the benefit

4

formulas." (Pls.' Opp'n at 16.) But this argument does not save Plaintiffs' claim because, at bottom, the presence or absence of the phrase "shall be adjusted" does not change the outcome dictated by the plain language of Section 4.2(e)(i)(b). To be sure, Section 4.2(e)(i) does provide that, for anyone "who holds or has held an account in the Garrett Secured Benefit Plan," the Normal Retirement Benefit "shall be adjusted" as set forth in that Section. Section 4.2(e)(i)(b) goes on to provide that for a specific group of participants — namely any "Participant who elects pursuant to the Savings Plan not to transfer his account balance in the Garrett Secured Benefit Account to this Plan" — the "Normal Retirement Benefit shall be . . . the Normal Retirement Benefit provided under subparagraph (b) of this section 4.2, offset by the value of the account balance not transferred." Plaintiffs mistakenly assume that the "adjustment" required by Section 4.2(e)(i)(b) is solely the offset, but the language makes clear that the adjustment is to redefine the Normal Retirement Benefit for a discrete group of participants so that they will receive the Normal Retirement Benefit of Section 4.2(b) offset by the SBA balance, regardless of what they might have received had they not been covered by Section 4.2(e)(i)(b).

That brings Plaintiffs right back into the conundrum they have created: if the reference to Section 4.2(b) does not mean ***all*** of Section 4.2(b), including the clause that makes it subject to Section 4.2(c)'s minimum benefit formula, then the minimum benefit is unavailable to these participants because under the Plan, their benefit as adjusted "shall be" the benefit available under 4.2(b) with an offset. If, on the other hand, Plaintiffs are correct that Section 4.2(b) "needs to take into account the Minimum Benefits Formula," (Pls.' Opp'n at 14), then Section 4.2(e)(i)(b) does allow for a minimum benefit through the vehicle of the cross-reference in Section 4.2(b), subject to the SBA offset, and the Court's prior ruling must be vacated. Plaintiffs have no answer to this point.[1]

---

[1] If there were any need for further proof that use of the word "adjusted" in Section 4.2(e) does not have the significance ascribed to it by Plaintiffs, it lies in Section

5

Plaintiffs also seem to contend that if certain Plan participants are not entitled to a minimum benefit under the Court's interpretation of Section 4.2(e)(i)(b), this would read Section 4.2(c) out of the Plan altogether. (Pls.' Opp'n at 16-17.) That is wrong on a number of levels. First, as a textual matter, it does not work. Even if a subset of Plan participants (those with an SBA who choose not to transfer that account to the Plan) are ineligible for a minimum benefit, all of the other Plan participants would still be eligible to receive a benefit under Section 4.2(c). Second, Plaintiffs note that Section 4.2(b) "is subject to both §§ 4.2(c) and (e)" and therefore it would be improper not to apply both (c) and (e) when calculating the Normal Retirement Benefit under Section 4.2(b). (Pls.' Opp'n at 17.) This simply makes Defendants' point why the motion to reconsider should be granted, and it is also directly contrary to the position Plaintiffs asserted when they won partial summary judgment on this claim. Moreover, Plaintiffs concede that Section 4.2(c) itself is also expressly subject to Section 4.2(e). (Pls.' Opp'n at 15 (noting that Section 4.2(c) sets a floor benefit "except as provided in subsections (d) through (k)").) This means that the Plan expressly contemplates that a participant may well receive a benefit lower than that provided under the minimum benefits formula of Section 4.2(c); here, a minimum benefit with an SBA offset. If, as Plaintiffs suggest, the "except as provided in" language is important in Section 4.2(b), it is no less significant and should be given no less weight in Section 4.2(c), so that 4.2(c) is also subject to Section 4.2(e) and the offset described in that paragraph.

Plaintiffs next argue that reading Section 4.2(e)(i)(b) as not providing a minimum benefit for certain SBA holders would "effectively nullify" Section 4.2(h) of the Plan. (Pls.' Opp'n at 17.) That argument is unfounded. Contrary to Plaintiffs' assertion, Section 4.2(h) does not "expressly modify" Sections 4.2(c)(i) and 4.2(c)(ii). (Pls.'

---

4.2(e)(i)(a). That provision states that for participants who transfer their entire SBA balances into the Signal Plan, the "Normal Retirement Benefit shall be" calculated "without regard to this subparagraph (e)." In other words, for Garrett SBA holders who transferred their SBAs to the Plan, the adjustment required by Section 4.2(e)(i)(a) is that there is no adjustment at all.

6

Opp'n at 17.) Sections 4.2(c)(i) and 4.2(c)(ii) describe a class of participants and a mathematical method for calculating their minimum benefits. Section 4.2(h) refers *only* to the portions of Sections 4.2(c)(i) and 4.2(c)(ii) that describe the class of participants. Section 4.2(h) states that participants who transferred among companies described in Section 4.2(c)(i) and 4.2(c)(ii) will receive benefits calculated as though they had always worked for the company that employed them on their separation date. That instruction would not be nullified by — or indeed even affected by — Defendants' argument as to the applicability of Section 4.2(c) to participants with SBAs. Moreover, Section 4.2(h) contains an express savings clause of the type the Internal Revenue Service has approved to prevent the cutback Plaintiffs suggest may occur if Garrett SBA holders do not receive a minimum benefit under Section 4.2(e)(i)(b). (*See* Ex. A to Mot. for Partial Summ. J. (Doc. 510) (providing that "in no event will [a participant's] Normal Retirement Benefit be less than his Accrued Benefit on the date of any transfer")); *see also* Rev. Rul. 81-12, 1981-1, C.B. 228.

Plaintiffs' final argument — that granting Defendants' motion would amount to a prohibited cutback — is a *non sequitur*. Plaintiffs make this argument to suggest that there is some kind of fact dispute that would preclude summary judgment in Defendants' favor, even if the Court were to conclude that Plaintiffs have suffered no damage on their Minimum Benefits Claim. But as the Supreme Court has held, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 248 (1986). Here, there is no relevant fact dispute because Defendants are specifically *not* seeking to recoup any benefits that have been paid, and ERISA and the Plan terms would prohibit any such cutback. Plaintiffs acknowledge that the Plan Administrator applied an SBA offset to the Minimum Benefits Formula under the Plan. (Am. Class Action Compl. ¶ 53 (Doc. 47).) In addition, the Summary Plan Description advised all former Garrett Plan participants (regardless of whether they transferred their SBAs to the Plan)

7

that they would receive the greater of the basic or minimum benefit, with that benefit offset by the value of any SBA balance not transferred to the Plan. (*See* Ex. H to Decl. of Amy Promislo in Supp. of Mot. to Dismiss at 5-6 (Doc. 16); *see also* Pls.' Opp'n at 5 ("The Plan provides both Minimum Benefits and Basic Benefits and Defendants have always calculated Plaintiffs' benefits under both formulas and have applied the greater of the two.").) Thus, the Summary Plan Description provides participants with a benefit more generous than they are entitled to receive under the Court's prior ruling and Plaintiffs' own interpretation of the Plan. The Plan Administrator would therefore be obligated to provide the greater benefit set forth in the Summary Plan Description. *See Bergt v. Ret. Plan for Pilots Employed by MarkAir*, 293 F.3d 1139, 1145 (9th Cir. 2002) (applying the reasoning of cases holding that a more favorable Summary Plan Description controls a less favorable plan provision to hold that a more favorable plan provision controls a less favorable Summary Plan Description). Thus, Plaintiffs' argument is illusory; there is, and can be, no cutback.[2]

Finally, Plaintiffs should not be heard to complain that reading Section 4.2(e)(i)(b) to preclude a minimum benefit creates anomalies in the administration of the Plan, because any such anomalies are of Plaintiffs' own making. It was Plaintiffs who urged the Court to apply *expressio unius* to Section 4.2(e)(i)(b) in a manner that frustrates the intent of the Plan. Defendants' arguments in favor of summary judgment flow inexorably from the Court's prior ruling based on Plaintiffs' proposed interpretation

---

[2] Plaintiffs attempt to create a fact dispute by purportedly identifying the number of participants who would have received lesser benefits if the Plan did not allow them to receive a minimum benefit. (*See* Pls.' Resp. and Objections to Defs.' Statements of Fact in Supp. of Defs.' Mot. for Partial Summ. J. on Minimum Benefits Claim and Additional Controverting Statement of Facts ¶¶ 7-9 (Doc. 522).) Plaintiffs' data, however, is both inaccurate and irrelevant to the question of Plan interpretation on which Defendants base their motion. Similarly, Plaintiffs' attempt to create another fact dispute based on whether the 1984 Plan was signed in 1984 or 1985 is irrelevant and misplaced. As the Court previously explained, "Plaintiffs admit that the distinction [of whether the Plan was effectively amended prior to 1985] is not material to resolution of the Motions." 382 F. Supp. 2d at 1146 n.6.

8

of the Plan. The Plan Administrator has consistently interpreted the Plan in a manner contrary to Plaintiffs' interpretation; that is, the Plan Administrator has always concluded that Section 4.2(e)'s reference to Section 4.2(b) includes all of Section 4.2(b), including the clause that makes it subject to Section 4.2(c). As such, every purported inconsistency in Plan language now advanced by Plaintiffs is of Plaintiffs' own making.

The key point here is that, under the Court's reading of Section 4.2(e)(i)(b), it would be incorrect as a matter of Plan interpretation to allow a participant who chose not to transfer his or her SBA to the Plan to receive a benefit calculated under the minimum benefit formula of Section 4.2(c). Because Plaintiffs have long received a benefit in excess of what they are entitled to under this reading of the Plan, they are not entitled to any remedy, and Defendants prevail as a matter of law. If, on the other hand, the Court grants reconsideration to allow a benefit calculated under Section 4.2(c) with an SBA offset, then there will be no violation because that is what Plaintiffs have been receiving all along. Whether the path to this result is through summary judgment on the issue of remedy or through reconsideration of the Court's initial ruling, the outcome is the same.

## II.   THERE IS NO PROCEDURAL BARRIER TO THE COURT'S CONSIDERATION OF DEFENDANTS' MOTION.

With no good way out on the merits, Plaintiffs instead advance a series of purported procedural obstacles to Defendants' motion. These arguments do not withstand scrutiny. First, Plaintiffs suggest that the Court has already decided that Plaintiffs have a remedy on their Minimum Benefits Claim. (*See* Pls.' Opp'n at 2-3 ("The Court could not have found that Defendants wrongfully applied an SBA Offset to Plaintiffs' Minimum Benefits if, as Defendants now assert, Plaintiffs had no entitlement to such benefits.").) That is an obvious overreach. The first time the Court addressed Section 4.2(e)(i)(b), the parties did not brief, and the Court assuredly did not decide, the question presented here. At most, the Court *assumed* the minimum benefit formula could be used to calculate benefits under Section 4.2(e)(i)(b), but that issue was not

9

briefed and was not expressly addressed in the Court's opinion. It is therefore wrong to say the issue has been decided. (*See* Order Granting Mot. for Recons. at 7-8 (Doc. 481) (citing *Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 541 (9th Cir. 1993), for the proposition that "a court isn't bound by a prior decision that failed to consider an argument or an issue the later court finds persuasive").) In all events, Plaintiffs' claim that this Court already decided the issue is expressly contradicted by the Court's statement that remedy is an open issue in the case that has not yet been decided. *See Allen v. Honeywell Ret. Earnings Plan*, No. CV 04-0424-PHX-ROS, slip op. at 2 n.1 (D. Ariz. Sept. 6, 2006) (Doc. 226; Order Granting Pls.' Mot. to Certify Class). The instant motion is an appropriate vehicle in which to seek a ruling on this open question.

Plaintiffs also fault Defendants for not previously making the argument that Plaintiffs' reading of Section 4.2(e)(i)(b) leaves them without a remedy. Defendants did not advance that argument previously because Defendants have consistently taken the position (now apparently advocated by Plaintiffs) that the Section 4.2(b) benefit incorporates by reference the Section 4.2(c) benefit, and on that reading, Section 4.2(e)(i)(b) would allow a minimum benefit under Section 4.2(c) (via Section 4.2(b)), with an offset. Defendants' position in this motion is based on the interpretation of Section 4.2(e)(i)(b) that this Court adopted in its order awarding partial summary judgment to Plaintiffs. There could be no waiver of this argument before the Court rejected the contrary interpretation that the Plan Administrator had adopted and that Defendants proposed to the Court.[3]

---

[3] Nor is there any merit to Plaintiffs' claim that Defendants "admitted" that participants should receive, in all circumstances, the greater of the Normal Retirement Benefit and the Minimum Benefit. (Pls.' Opp'n at 5-6.) Defendants (and the Plan Administrator) took that position in the context where the offset applied to **both** formulas and under a different reading of the Plan than the one adopted by the Court. Under the Court's reading, the plain language indicates that participants covered by Section 4.2(e)(i)(b) receive benefits calculated under Section 4.2(b) (without the use of Section 4.2(c) as a floor), with an SBA offset. The benefit calculated in this manner in certain cases could be lower than the Normal Retirement Benefit using the formula in Section 4.2(c) with no SBA offset, and Defendants have never conceded that point.

1   Nor can Plaintiffs seriously claim that the argument on which Defendants base
2   their summary judgment motion is an affirmative defense that must be pleaded in the
3   Answer and, presumably, proven by Defendants at trial. The failure of an element of a
4   claim — in this case damages — is a failure of Plaintiffs' proof, and it may be resolved
5   at any stage of the litigation with no special pleading requirement. Indeed, absent proof
6   of this injury, Plaintiffs would not have standing under Article III to bring their claim.
7   *See, e.g., Glanton v. AdvancePCS Inc.*, 465 F.3d 1123, 1124-25 (9th Cir. 2006) (holding
8   plaintiffs "who have suffered no judicially cognizable injury" lack standing to bring an
9   ERISA claim). In apparent recognition that damages are an element of their Minimum
10  Benefits Claim, Plaintiffs pleaded damages as an element of Count I in their complaint.
11  (*See* Am. Class Action Compl. ¶ 75 ("Pursuant to §§ 502(a)(1)(B) and (a)(3) of ERISA,
12  Plaintiffs and Class members are entitled to recover all benefits due under the terms of
13  the Plans").) Defendants seek to negate the damages element of Plaintiffs' case by
14  proving that Plaintiffs' interpretation of the Plan leaves them with no remedy.
15  Defendants' argument, therefore, is not an affirmative defense, and accordingly need not
16  be pled in the answer. *See, e.g., Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th
17  Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof
18  is not an affirmative defense"); *see also Schiller & Schmidt v. Nordisco Corp.*, 969 F.2d
19  410, 415-16 (7th Cir. 1992) (Posner, J.) ("For years we have been saying, without much
20  visible effect, that people who want damages have to prove them.").

21  Plaintiffs do not cite a single case in support of their claim that lack of damages is
22  an affirmative defense. Plaintiffs instead rely on the Wright & Miller treatise for a
23  characterization of what amounts to an affirmative defense, but that is unavailing too.
24  Lack of damages does not meet either of the two tests that Wright & Miller describe as
25  the basis for determining what constitutes an affirmative defense that must be pleaded.
26  This is neither a situation where the complaint's allegations are admitted and Defendants
27  have identified "some other reason why there is no right of recovery"; nor is it a situation
28  where the defense "concern[s] allegations outside of the plaintiff's prima facie case."

11

(Pls.' Opp'n at 8 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1271). Failure to plead or prove damages is a failure of the plaintiff's *prima facie* case — it need not be pled as an affirmative defense or proven by the defendant. In all events, even if Plaintiffs could somehow recharacterize their own obligation to prove damages as an affirmative defense to be pled by Defendants, the Ninth Circuit has held that "[i]n the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment." *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993).

Plaintiffs' other procedural arguments also must be rejected. First, Plaintiffs cannot seriously contend that they will be prejudiced by the Court's consideration of Defendants' argument at this time. They have had a full and fair opportunity to respond on the merits, and their claim that they have "very little time to conduct any discovery on the new defense," (Pls.' Opp'n at 13), rings hollow. Defendants' argument relies upon the interpretation of unambiguous plan language and, as such, does not depend on any contested facts. *See Allen*, 382 F. Supp. 2d at 1162 (noting that a court turns to extrinsic evidence only when the plan is ambiguous). And, as Defendants explained in their opening brief, even if the Court were to find the Plan language ambiguous, the Plan Administrator's interpretation would be entitled to deference. (*See* Mot. for Partial Summ. J. at 13-16 (Doc. 510).) Further, Plaintiffs' objections to Defendants' Statements of Fact consist of legal argument, not fact disputes, and do not give rise to any material issue of disputed fact. Finally, Plaintiffs' claim that Defendants waived their argument by failing to assert it as a compulsory counterclaim must be rejected on its face: Defendants' argument is not a counterclaim because it is not a claim asserted against Plaintiffs. *See* Fed. R. Civ. P. 13(a).

## CONCLUSION

For the reasons set forth in Defendants' moving papers and herein, Defendants respectfully request that the Court enter summary judgment in Defendants' favor on the Minimum Benefits Claim or, in the alternative, grant Defendants' motion to reconsider.

DATED this 8th day of May, 2009.

                OSBORN MALEDON

                By:   /s/David B. Rosenbaum

                David B. Rosenbaum
                Dawn L. Dauphine
                Osborn Maledon, P.A.
                2929 North Central Avenue, Suite 2100
                Phoenix, AZ   85012-2794

                Michael L. Banks
                MORGAN, LEWIS & BOCKIUS LLP
                1701 Market Street
                Philadelphia,   PA 19103

                Howard Shapiro
                PROSKAUER ROSE LLP
                909 Poydras Street, Suite 1100
                New Orleans, LA   70112-4017

                Amy Covert
                PROSKAUER ROSE LLP
                One Newark Center, 18th Floor
                Newark, NJ   07102-5211

                Christopher Landau, P.C.
                Craig S. Primis, P.C.
                Michael F. Williams
                KIRKLAND & ELLIS LLP
                655 Fifteenth Street, N.W.
                Washington, DC   20005-5793

                *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I do certify that on May 8, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/Kelly Dourlein